**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 23-1342**

———————

NICHOLAS W. CUPP,

Plaintiff - Appellant,

v.

DELTA AIR LINES, INC.; ENDEAVOR AIR, INC.; CHERYL THOMAS,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Eastern District of Virginia, at Newport News.  Arenda L. Wright Allen, District Judge.  (4:22-cv-00029-AWA-RJK)

———————

Argued: May 7, 2025                          Decided:  September 29, 2025

———————

Before NIEMEYER, and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————

Question certified to the Supreme Court of Virginia by published order.  Judge Niemeyer directed entry of the order with the concurrences of Judge Benjamin and Judge Keenan.

———————

**ARGUED:** Cory R. Ford, WILLIAMSFORD, Leesburg, Virginia, for Appellant.  Kathryn Anne Grace, WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP, McLean, Virginia, for Appellees.  **ON BRIEF:** Peter A. Pentony, WILLIAMSFORD, Leesburg, Virginia, for Appellant.  Nicole T. Melvani, WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP, McLean, Virginia, for Appellees.

NIEMEYER, Circuit Judge:

The United States Court of Appeals for the Fourth Circuit, exercising the privilege afforded by the Supreme Court of Virginia through its Rule 5:40, requests that the Supreme Court of Virginia exercise its discretion to answer the following question:

> Is a nonmandatory reporter who made a good-faith complaint regarding suspected child abuse to law enforcement without speaking to a Department of Social Services employee entitled to the immunity from civil liability provided by Virginia Code § 63.2-1512?

We acknowledge that the Supreme Court of Virginia may restate this question. *See* Va. Sup. Ct. R. 5:40(d). In our view, there is no controlling Virginia precedent on point, and the answer will be determinative in a case currently pending before our court. Accordingly, we conclude that the question is appropriate for certification. *See id.* 5:40(a).

I

This civil action arises from a report that a flight attendant made during a domestic flight expressing concern that a 13-year-old passenger was being sexually abused or trafficked. Because the appeal comes to us from the district court's dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6), the facts relevant to the certified question come from the complaint's factual allegations.

On a Delta Air Lines flight from Atlanta, Georgia, to Newport News, Virginia, on December 18, 2019, the plane encountered turbulence shortly before arriving in Newport News. J.A. 15. The turbulence caused a 13-year-old passenger to become scared and to cry. J.A. 16. Delta flight attendant Cheryl Thomas then observed the man sitting next to the child interact with her and touch her in a manner that Thomas thought was

2

"inappropriate[]." *Id.* She "concluded" that the man was sexually assaulting the child and was engaged in human trafficking. *Id.*

Flight attendant Thomas reported what she saw to the captain of the flight, as Delta has a mandatory reporting policy that "requires its employees to report to managers, supervisors, or local authorities, as appropriate, any passenger believed to be engaged in human trafficking activities or the sexual exploitation of children." J.A. 13. The captain relayed the information to a Delta station manager in Newport News, and the station manager, in turn, called the police, who mobilized to meet the plane when it landed. J.A. 16–17. After speaking directly to Thomas, the police took the man into "investigative detention" in a public area of the airport and questioned him. J.A. 17–18. They also questioned the child. *Id.*

As it turned out, the man, Nicholas Cupp, was the child's father, who explained that he had merely been comforting his daughter. J.A. 12, 14, 16. Following the questioning, the police "determined that there was no probable cause to charge or arrest" Cupp, and they released him. J.A. 18.

Nearly two years later, in December 2021, Cupp commenced this action in the Circuit Court of Newport News, Virginia, against Thomas, Delta Air Lines, and Endeavor Air, Inc., a wholly owned subsidiary of Delta that jointly provides flights from Atlanta to Newport News. J.A. 12–13. Cupp alleged that Thomas's report was false and was recklessly made, "based upon insufficient cause" and "without any type of common sense analysis." J.A. 16, 22. He alleged further that his experience of being questioned by the police about his relationship with his daughter had significantly aggravated his preexisting

3

Post-Traumatic Stress Disorder, which developed from his service in the Army, and that he had developed "a fear of interacting with his daughter in public" "lest someone else reach the same false conclusion that [flight attendant] Thomas did." J.A. 20. In his complaint, he alleged five common-law tort claims — *first*, a negligence claim against Delta and Endeavor, alleging that they were vicariously liable for Thomas's conduct and also that they were directly liable for instituting a mandatory reporting policy without adequately training their employees in how to properly recognize and handle suspected abuse and trafficking situations; *second*, a negligence claim against Thomas, alleging that she had "negligently, willfully, wantonly, recklessly, and with gross negligence" failed to use the proper method for recognizing, investigating, and reporting human trafficking and sexual abuse; *third*, an intentional infliction of emotional distress claim against Thomas; *fourth*, a claim of tortious interference with parental rights against Thomas; and *fifth*, a false imprisonment claim against all three defendants. J.A. 18–25. As relief, Cupp sought compensatory damages of $10 million and punitive damages of $350,000. J.A. 26.

The defendants removed the case from state court to federal court based on diversity jurisdiction under 28 U.S.C. § 1332, and they subsequently filed a motion to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). As the basis for their motion, the defendants relied on two provisions of the Virginia Code — specifically, §§ 63.2-1510 and 63.2-1512. The first of those provides that:

> Any person who suspects that a child is an abused or neglected child may make a complaint concerning such child . . . to the local department of the county or city wherein the child resides or wherein the abuse or neglect is believed to have occurred or to the Department's toll-free child abuse and neglect hotline.

4

Va. Code Ann. § 63.2-1510; *see also id.* § 63.2-100 (defining the term "local department" as "the local department of social services of any county or city in the Commonwealth" and the term "Department" as "the State Department of Social Services"). Section 63.2-1512 then provides immunity to any person who makes a complaint pursuant to § 63.2-1510 in good faith. Specifically, it provides that "[a]ny person making . . . a complaint pursuant to § 63.2-1510 . . . shall be immune from any civil or criminal liability in connection therewith, unless it is proven that such person acted in bad faith or with malicious intent." *Id.* § 63.2-1512.

Based on §§ 63.2-1510 and 63.2-1512, the defendants argued that "[a]ll reports of child abuse or neglect are immune from all . . . liability unless it is proven that the reporter acted in bad faith or with malicious intent." J.A. 47 (emphasis omitted). Maintaining that the allegations in Cupp's complaint did not suggest that Thomas had "acted in bad faith or with malice," the defendants argued that Thomas was immune and that Delta and Endeavor were similarly immune because all the claims in the suit arose from Thomas's report. J.A. 53.

Cupp argued that the defendants were not entitled to immunity under § 63.2-1512 because that provision was only applicable "to reports and complaints made *to the Department of Social Services*," which was not alleged to have occurred in this case. J.A. 55 (emphasis added). He further asserted that even if the immunity statute were applicable, his complaint had sufficiently "allege[d] conduct in bad faith and with malicious intent." *Id.*

5

In an order dated March 3, 2023, the district court granted the defendants' motion to dismiss, finding that § 63.2–1512 was applicable. J.A. 78–90. First, the court rejected Cupp's argument that the statute did not apply because the defendants "reported suspected human trafficking to law enforcement instead of the Virginia Department of Social Services (DSS) or a local department of social services." J.A. 86. Emphasizing a provision of the Virginia Code that *requires* law enforcement departments to cooperate closely with local social services departments "in the detection and prevention of child abuse," *id.* (quoting Va. Code Ann. § 63.2-1507), the court reasoned that it "would undermine the very purpose of Virginia Code § 63.2-1512" to hold "that individuals who report suspected child abuse to law enforcement are exposed to civil liability," *id.* The court also reasoned that, "[a]s a court sitting in diversity," it was "hesitant to interpret Virgina law in a manner that would require every non-mandatory reporter to know state reporting laws." J.A. 87.

Next, the court rejected Cupp's alternative argument that he had sufficiently alleged that Thomas had acted in bad faith or with malicious intent to fall within the exception to § 63.2-1512. The court noted our observation in *Wolf v. Fauquier County Board of Supervisors*, 555 F.3d 311 (4th Cir. 2009), that "the statute 'set[s] a high bar for those wishing to strip reporters of suspected child abuse of their statutory immunity,'" J.A. 88 (quoting *Wolf*, 555 F.3d at 318), and it concluded that Cupp had "not sufficiently alleged that Defendants acted in bad faith or with malicious intent, even when the allegations are viewed in the light most favorable to [him]," *id.*

The court thus held that the defendants were "protected from civil liability under Virginia Code § 63.2-1512" and concluded that "[b]ecause all five counts derive from

6

Defendants' child abuse report, all five counts shall be dismissed." J.A. 90. From the district court's final judgment for the defendants, Cupp appealed to our court. J.A. 90–92.

## II

On appeal, Cupp advances two separate arguments in contending that the district court erred in dismissing his four common-law claims against flight attendant Thomas. First and primarily, he maintains that "the pertinent statute *only* immunizes complaints [of child abuse made] to the Virginia Department of Social Services" (emphasis added), whereas his complaint alleged that the reports in this case were made to law enforcement, not social services. Second and alternatively, he contends that even if a report to law enforcement could trigger application of the immunity statute, the district court erred in concluding that his complaint "did not adequately allege that the defendants acted in bad faith or with malicious intent."

Mindful that under Supreme Court of Virginia Rule 5:40, the question of Virginia law that we certify must be determinative in the proceeding before our court, we start by eliminating Cupp's alternative argument* from this request.

The immunity statute at issue states that "[a]ny person making . . . a complaint [regarding suspected child abuse] pursuant to § 63.2-1510 . . . shall be immune from any civil or criminal liability in connection therewith, *unless it is proven* that such person acted

---

* Cupp also contends that even if the district court properly dismissed the claims against Thomas, it erred in also dismissing his two claims against Delta and Endeavor, maintaining that those defendants are not entitled to "derivative immunity." Whether it is necessary to reach this issue turns directly on the answer to the question herein certified. We therefore reserve it pending the Supreme Court of Virginia's response to this order.

7

*in bad faith or with malicious intent.*" Va. Code Ann. § 63.2-1512 (emphasis added). The district court concluded that, even viewing the allegations in the complaint in the light most favorable to Cupp, he had not plausibly alleged that Thomas had acted in bad faith or with malicious intent, as necessary to implicate the statute's exception. We agree.

We addressed the meaning of "'bad faith' [and] 'malicious intent' in the particular context of § 63.2-1512" in *Wolf*, where we concluded that for a plaintiff to meet his burden of proving the exception's applicability, he must show "something more than a mistaken report, or a report based on a misunderstanding, or even a report that was negligently tendered." 555 F.3d at 318. Indeed, we recognized that "[s]o long as the reporter was acting in the interest of protecting a child rather than out of self-interest or with an intent, for example, to settle some score with the child's parent, the plain intent of the legislature was to allow immunity to attach to the reporter." *Id.* Thus, under the statute, a reporter loses immunity "only in those infrequent circumstances where someone used the reporting system for purposes other than that for which it was designed — namely, the protection of children." *Id.* at 319.

Under these principles, we readily conclude that Cupp did not plausibly allege that flight attendant Thomas acted with bad faith or malicious intent when she reported her concern that the child was being sexually abused or trafficked. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). According to the allegations in the complaint, Thomas did not know the Cupps or have any reason to maliciously lodge a false complaint that Cupp was abusing his daughter. Instead, the complaint's factual allegations strongly suggest that Thomas's report was based on a misunderstanding or, at worst, that she was negligent. But,

8

as we have recognized, negligence in this context "is a far cry from 'bad faith,'" *Wolf*, 555 F.3d at 319, and we see no basis in the complaint's allegations to infer anything other than that Thomas "was acting in the interest of protecting a child" when she reported her concerns, *id.* at 318. At bottom, we agree with the district court that "[t]he allegation that Defendant Thomas, an individual who did not know [Cupp] or his family or have any interaction with them until serving as their flight attendant, was motivated to single out [Cupp] and his family with a false child abuse report fails to meet the plausibility standard required under Rule 12(b)(6)." J.A. 89.

Because we reject Cupp's argument that he sufficiently alleged that flight attendant Thomas "acted in bad faith or with malicious intent" to trigger the exception to the immunity conveyed by § 63.2-1512, the single question remains whether Thomas is entitled to immunity in the circumstances presented — namely, where she reported her concerns regarding potential child abuse to law enforcement officers but where there is no indication, at least at this stage of the proceedings, that she ever spoke with a Department of Social Services employee. This question, we think, may be more complicated than it might appear at first glance.

Section 63.2-1512 provides immunity to any person who, in good faith, makes "a complaint pursuant to § 63.2-1510." That section, in turn, provides that "[a]ny person who suspects that a child is an abused or neglected child may make a complaint concerning such child . . . to [a] local department [of social services] . . . or to the [State Department of Social Services'] toll-free child abuse and neglect hotline." Va. Code Ann. § 63.2-1510; *id.* § 63.2-100. Certainly, a person who makes a good-faith complaint regarding suspected

9

child abuse *directly* to an employee of a social services department is immune from civil liability for having made such a complaint. And it is also true that the General Assembly has made local departments of social services "the public agency responsible for receiving and responding to complaints and reports" of suspected child abuse. *Id.* § 63.2-1503(A).

But there are many people who, unaware of Virginia's reporting laws, may report their genuine concerns for a child's safety to another authority instead. One can easily imagine, for instance, a student reporting her concerns for a classmate's safety to a trusted teacher or other school official. Or, as in the instant case, concerned citizens may logically call the police to report their suspicions, especially where time is of the essence. And critically, under Virginia's statutory scheme, law enforcement officers, teachers, and several other types of professionals are *mandatory reporters*, in the sense that if they "have reason to suspect that a child is an abused or neglected child," they *must* "report the matter immediately to the local [social services] department . . . or to the [State] Department's toll-free child abuse and neglect hotline." *Id.* § 63.2-1509(A). Indeed, a mandatory reporter who fails to file a report "as soon as possible, but not longer than 24 hours after having reason to suspect a reportable offense of child abuse or neglect," is subject to a fine and, in cases involving certain types of sexual abuse, may even be subject to prosecution for a misdemeanor. *Id.* § 63.2-1509(D).

Thus, in light of these interlocking provisions, it is clear that when a member of the public, who is not a mandatory reporter, chooses to report suspected child abuse to a mandatory reporter, such as law enforcement, that report is *reasonably calculated* to reach the appropriate social services department. *See Norfolk Dep't of Human Servs. v.*

10

*Goldberg*, 904 S.E.2d 668, 678 (Va. Ct. App. 2024) (recognizing that while some "reports or complaints [are] made *directly* to a local department," others may be "made to a mandatory reporter who then conveys the same to the local [social services] department" (emphasis added)).  What is less clear is the availability of immunity under § 63.2-1512 to a nonmandatory reporter of suspected child abuse who makes a good-faith report to a mandatory reporter.  If the mandatory reporter conveys the information to a social services department, is the original reporter entitled to immunity even though she did not make her complaint *directly* to a social services department?  Alternatively, what if, after a limited investigation like the one alleged here, the mandatory reporter is confident that the original report was a false alarm and consequently decides that there is no need to alert social services — does the original reporter then lack any immunity because of the decision made by the mandatory reporter?

These questions strike at the heart of the purpose of the immunity provision, *i.e.*, to encourage the good-faith reporting of suspected child abuse so that local social services departments, working in close cooperation with law enforcement, can respond appropriately to such complaints and reports in the interest of protecting children's safety and wellbeing.  *See* Va. Code Ann. § 63.2-1503(D) (requiring local social services departments to immediately notify local law enforcement of certain types of child abuse complaints and calling on local departments to develop "memoranda of understanding for responding to reports of child abuse and neglect with local law enforcement"); *id.* § 63.2-1507 (requiring "[a]ll law-enforcement departments" to "cooperate" with the child-protective services coordinator for each local department).  Given the importance of this

11

issue to the operation of Virginia's reporting statute and finding no controlling decisions by either the Supreme Court of Virginia or the Court of Appeals of Virginia, *see* Va. Sup. Ct. R. 5:40(c)(7), we conclude that certification is warranted.

Moreover, as required by Supreme Court of Virginia Rule 5:40, the question we have certified is determinative of the proceeding before us. *See* Va. Sup. Ct. R. 5:40(c)(6). If the answer to the certified question is "yes," then the district court correctly relied on § 63.2-1512 to dismiss Cupp's claims against Thomas. If, however, the answer to the certified question in "no," then we will reverse the district court's Rule 12(b)(6) dismissal of Cupp's complaint and remand the case to the district court for further proceedings. Accordingly, we respectfully request that the certified question be answered.

### III

Under the privilege made available by the Supreme Court of Virginia Rule 5:40, it is hereby ORDERED: (1) that the question stated above be, and the same hereby is, certified to the Supreme Court of Virginia; (2) that the Clerk of this court forward to the Supreme Court of Virginia, under the official seal of this court, a copy of this order and, to the extent requested by the Supreme Court of Virginia, the original or copies of the record before this court; and (3) that any request for all or part of the record be fulfilled by the Clerk of this court simply upon notification from the Clerk of the Supreme Court of Virginia.

The names of the parties, and names and contact information of their counsel, are as follows.

12

*Counsel for the Plaintiff, Nicholas W. Cupp*

Cory R. Ford (VSB No. 68153)
WILLIAMSFORD
101 Loudoun Street SW
Leesburg, Virginia 20175
703-777-6535
cory@williamsfordlaw.com

Peter A. Pentony (VSB No. 94012)
WILLIAMSFORD
101 Loudoun Street SW
Leesburg, Virginia 20175
703-777-6535
peter@williamsfordlaw.com

*Counsel for the Defendants, Cheryl Thomas; Delta Air Lines, Inc.; and Endeavor Air, Inc.*

Kathryn A. Grace (VSB No. 71213)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
8444 Westpark Drive – Suite 510
McLean, Virginia 22102-5102
703-245-9300
Kathryn.Grace@wilsonelser.com

Nicole T. Melvani (VSB No. 98760)
WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
8444 Westpark Drive – Suite 510
McLean, Virginia 22102-5102
703-245-9300
Nicole.Melvani@wilsonelser.com

This order of certification is entered by Judge Niemeyer, with the concurrences of Judge Benjamin and Judge Keenan.

*QUESTION CERTIFIED*

A True Copy, Teste
Nwamaka Anowi,
Clerk
BY: _____
Deputy Clerk

FOR THE COURT

Paul V. Niemeyer
Circuit Judge

13